UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEVI STRAUSS & CO., and LEVI STRAUSS & CO. EUROPE COMM. VA/SCA,<br><br>Plaintiffs,<br><br>v.<br><br>IDW INTERNATIONAL, INC., JOON HAHN, AND DOES 1-10,<br><br>Defendants. | Case No. CV 10-5342 JW<br><br>**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiffs LEVI STRAUSS & CO., and LEVI STRAUSS & CO. EUROPE COMM. VA/SCA (collectively "Levi Strauss") has filed a Complaint alleging trademark infringement, dilution, and unfair competition under federal and California law against defendants IDW INTERNATIONAL, INC. and JOON HAHN (collectively "BA"). A motion to dismiss Levi Strauss's Seventh Claim for relief under European trademark law was filed by the Defendants on February 1, 2011, but has not been fully briefed, and the motion has not been heard nor decided by the Court. For clarity, this Judgment does not restrict or enlarge in any way the relief relating to the challenged conduct that may or may not be available under any European laws in a court of suitable jurisdiction, except that Levi Strauss agrees that it shall not seek an order from any

court located outside the United State directing defendants to modify the use of the Levi Strauss Trademarks on defendants' websites. All other claims under European Law, including all claims for damages and for injunctive relief relating to BA's sale of Levi's® products outside of the United States are specifically reserved and have not been adjudicated by this Judgment. In this regard, the parties have agreed that this injunction is based on facts stipulated by the parties, and that the fact of the injunction shall not be used as the basis for, or as evidence supporting, any claim of damages under the laws of any legal system, arising from any such acts taken before the effective date in Paragraph II.A. of this injunction ("Effective Date"). For clarity, this provision only relates to the fact of this injunction and shall not in any way restrict evidence of the parties' actions insofar as such evidence is pertinent to claims for damages that survive this Judgment. It also shall not restrict use of this injunction as evidence supporting claims for damages arising from conduct that violates this injunction and occurs after the Effective Date.

Levi Strauss alleges that BA has offered retail services and products using registered and unregistered trademarks belonging to Levi Strauss. BA claims that it is entitled to make nominative fair use of these and other Levi Strauss marks and slogans because it is selling genuine Levi Strauss merchandise that it lawfully has acquired.

The Court now enters final judgment based upon these and the following undisputed facts. Each party has waived the right to appeal from this final judgment and each party will bear its own fees and costs in connection with this action.

**I.  FACTS AND CONCLUSIONS**

A. This Court has subject matter jurisdiction over all remaining claims in this lawsuit and personal jurisdiction over Defendants AmericanJeans.com, Inc. and Steven Leigh. Venue is proper in this Court.

B. Levi Strauss owns numerous trademarks and related registrations including its LEVI'S® trademark (e.g. U.S. Reg. No. 250,265) (the "LEVI'S® trademark"); Tab device trademark (e.g. U.S. Reg. No. 356,701), its Arcuate pocket stitching design trademark (e.g. U.S.

Reg. No. 404,248), its 500 series marks, including its 501® trademark (e.g. U.S. Reg. No. 1,552,985) and other of its family of 500 Series trademarks to denote a particular style of LEVI'S® brand jean, such as 505®, 511™, 517®, 524™, 550™, 569™ (and others that are referred to collectively as the "500 Series Marks"), its Housemark design trademark (e.g. U.S. Reg. No. 849,437); its DOCKERS® trademark (e.g. U.S. Reg. No. 1,435,757) (the "DOCKERS® trademark") its WING and ANCHOR logo (e.g. U.S. Reg. No. 2,698,128) and slogans such as "Quality Never Goes Out of Style" (e.g. U.S. Reg. No. 1,137,974). These trademarks are referred to collectively as the "Levi Strauss Trademarks" and examples of them are shown on Exhibit A.

C.  BA has, at various times in the past, published web pages at www.bargainsavenue.com as shown in Exhibit B.

## II. PERMANENT INJUNCTION

It is hereby ordered and adjudged as follows:

A.  Commencing within thirty days of the "So Ordered" date of this Final Judgment and Permanent Injunction, BA, its principals, agents, employees, officers, directors, servants, privies, parents, subsidiaries, successors, and assigns (including anyone operating the www.bargainsavenue.com domain name on behalf of BA) and all persons acting in concert or participating with it or under its control who receive actual notice of this Order, are hereby permanently enjoined and restrained, anywhere in the world, directly or indirectly, from doing, authorizing or procuring any persons to do any of the following:

1.  Using, displaying, publishing, transmitting, marketing, promoting, representing or referring to the LEVI'S® and DOCKERS® trademarks, or the 500 Series trademarks, except as reasonably necessary (a) in order to inform internet consumers of the specific style of LEVI'S® or DOCKERS® brand products that they are offering for sale, (b) to provide functional navigation of Defendants' website, or (c) in post-sales communications relating to a particular

sales transaction.

    2.    Using, displaying, publishing, transmitting, marketing, promoting, representing or referring to the other Levi Strauss Trademarks for any purpose at all, except as they incidentally are shown in photographs of products that (a) are displayed for purposes of showing product characteristics (for example as shown in Exhibit C), (b) do not highlight any Levi Strauss trademarks (for example, as shown in Exhibit D), and (c) to the extent that BA is selling multiple brands, do not disproportionately feature LEVI'S® or DOCKERS® products on the website's homepage.

    3.    Using, displaying, publishing, transmitting, marketing, promoting, representing or referring to any Levi Strauss Trademarks as follows:

    a.    Using the Levi Strauss Trademarks, including the LEVI'S® or DOCKERS® trademarks on the BA website or in metatags, excessively or gratuitously (for example, using the Levi Strauss Trademarks on any individual website page in any form or manner similar to the manner shown in the highlighted portions of Exhibit E);

    b.    Using the term "Levi Strauss."

    4.    Bidding, offering to bid or buy, or buying any keyword internet search terms or domain names, or sponsorship of internet search terms that consist, in whole or in part, of any Levi Strauss Trademarks.

    5.    Using or filing applications, now or in the future, for the registration of trademarks, designs, or other intellectual property that is substantially similar to any of the Levi Strauss Trademarks.

B.    At least ten (10) days before seeking any order of contempt, Levi Strauss agrees to notify BA and invite it to meet and confer regarding any Levi Strauss contention that the injunction has been violated.

C.    This Court shall retain jurisdiction for the purpose of making any further orders necessary or proper for the construction or modification of this Judgment, the enforcement thereof, and/or the punishment for any violations thereof.  If Levi Strauss commences an action for enforcement

of this Judgment, the prevailing party shall be entitled to an award of its reasonable attorneys' fees in the discretion of the Court, according to law, in addition to any costs and any other non-duplicative penalties or damages.

## III.    DISCOVERY IN AID OF FOREIGN PROCEEDINGS

The parties are ordered to submit to discovery pursuant to the Federal Rules of Civil Procedure pursuant to 28 U.S.C. §1782 related to the Seventh Claim for Relief in the First Amended Complaint in this Action – "Trademark Infringement Under European Trademark Law" – the substance of which the parties contemplate will be litigated in a European court of competent jurisdiction. All discovery will be done, and all responses and documents will be produced, under the following terms of confidentiality:

All discovery responses and documents produced shall be used only for the purposes of preparing for and bringing to trial the claims outstanding between the parties. None of the discovery responses or documents produced shall be disclosed to anyone other than those individuals who require access in order to accomplish those purposes. Upon the conclusion of all legal proceedings between the parties, all discovery responses and documents produced by a party shall be returned by the other party (or the destruction of such responses and documents shall be certified), except that the attorney for the other party may retain one copy under conditions designed to maintain the confidentiality of the responses or documents.

The Court retains jurisdiction to enforce this order by motion of the parties pursuant to the Court's rules and the Rules of Civil Procedure.


DATED: _____    _____
                                                                                Hon. James Ware
                                                                                United States District Judge

63131434 v1